**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-30415
Summary Calendar
_____


MICHAEL R. LIKER
and
GARY SAMPSON, SR.,

                                        Plaintiffs-Appellees,


VERSUS


JOHNNY MARINO,
Sheriff of St. Charles Parish,
ROBERT DALE,
and
JULES TARULLO,

                                        Defendants-Appellants.


_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(93-1201-M)
_____

January 31, 1996

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]




I.

_____

[*]  Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Michael Liker and Gary Sampson, Sr., filed this civil rights action against defendants-appellants Sheriff Marino and Deputy Sheriffs Dale and Tarullo of St. Charles Parish. The defendants appeal the denial of their summary judgment motion based upon qualified immunity.

The factual allegations of the complaint may be summarized as follows: Liker and Sampson were hired as deputies in 1990 and 1978, respectively. In April 1992, the defendants subjected them to false arrest and imprisonment and unlawful searches and seizures and then caused them to be indicted for armed robbery, conspiracy, extortion, and malfeasance. The defendants also suspended them without pay, denial renewal of their deputies' commissions, and suspended their employee benefits. They did so based upon Sampson's being a black man and in retaliation for "personal political benefits" of the plaintiffs, which violated their First Amendment rights.

The evidence shows that Liker and Sampson were accused of stopping Vietnamese motorists for speeding and then demanding cash payments on the spot to avoid receiving citations. In 1994, in connection with the accusations, Liker pled guilty to one count of malfeasance in office, and a jury convicted Sampson of extortion.

The parties consented to proceed before a magistrate judge. In February 1995, the defendants moved for summary judgment on the basis of qualified immunity. They observed that the plaintiffs, since they had filed their complaint, had been criminally convicted for their misconduct against Vietnamese motorists and do not argue

2

that any stages of the criminal proceedings against them—the arrest, incarceration, and indictment—were unlawful.  As to the allegations of illegal employment actions, the defendants maintained that they were entitled to qualified immunity.

In response to the summary judgment motion, the plaintiffs explicitly "abandon[ed] all claims except that of retaliatory arrest . . . and discharge."  They admitted that they had been convicted of crimes for "shaking down" Vietnamese motorists.  They asserted that other officers also had engaged in the illegal shakedowns but had not been charged with any wrongdoing.  In an affidavit, they explained that they were open supporters of Marino's opponent in the sheriff's race.

The magistrate judge ordered the plaintiffs to file affidavits from persons with personal knowledge of facts showing that other officers had engaged in the illegal activity.  Then, without waiting for the plaintiffs to comply with his order, the magistrate judge denied the summary judgment motion with a one-sentence explanation: "There are contested issues of material fact as to whether plaintiffs would not have been arrested and terminated from employment 'but for' their support of the Sheriff's political opponent."

In a motion for reconsideration, the defendants stated, "[W]hat the plaintiffs are arguing is that they have some sort of bizarre immunity from prosecution because they are political opponents of the sheriff."  Relying upon the analytical framework prescribed in Mt. Healthy School Dist. Bd. of Educ. v. Doyle, 429

3

U.S. 274 (1977), they contended that the plaintiffs' criminal acts were legitimate, nonpretextual grounds for termination.

The court denied the reconsideration motion, observing only that the plaintiffs alleged that they had been singled out for retaliation and termination because they had supported Marino's opponent. Citing Matherne v. Wilson 851 F.2d 752 (5th Cir. 1988), and not addressing the case authority cited by the defendants, the magistrate judge found that their right not to be singled out for such retaliation was clearly established.[1]

## II.

An order denying a summary judgment motion based upon a qualified immunity defense is immediately appealable under the collateral order doctrine to the extent that it turns on an issue of law. Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). The plaintiffs concede that they can point to no case establishing that a sheriff cannot, on the basis of their political support, selectively prosecute deputies for criminal activity. There being no clearly established right, the defendants are entitled to qualified immunity. This is a perfectly sensible result, for the plaintiffs in fact were convicted of the serious offenses for which

---

[1] Matherne involved a fired St. Charles Parish deputy sheriff who had campaigned for the opponent of Marino's predecessor. The deputy sued under § 1983 for violation of his First Amendment rights. 851 F.2d at 755. The sheriff argued that he was entitled to qualified immunity. Id. Although the court found that the sheriff was entitled to qualified immunity in his individual capacity, the court affirmed a jury verdict in favor of the deputy against the sheriff in his official capacity, finding that, where the deputy's political activities did not impair his professional judgment, the sheriff's termination of him violated his First Amendment rights. Id. at 757-58, 761. The deputy in Matherne was not alleged to have engaged in any criminal wrongdoing.

4

they were prosecuted.  There is no issue of *material* fact, as the "issue" of whether the plaintiffs would have been fired but for their political support is immaterial in the absence of a clearly established right.

The order denying summary judgment is REVERSED, and judgment is RENDERED for defendants.